UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------

MICHAEL R. D.[1],

     Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

---------------------------------------------------------

1:21-CV-215 (JLS)

## DECISION AND ORDER

Plaintiff Michael R. D. brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 6, 7. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On September 6, 2018, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.[2] Tr. 79.[3] Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 3, 2020, Plaintiff appeared before the ALJ, Sharda Singh. Tr. 40-78. On March 24, 2020, ALJ Singh issued a written decision finding Plaintiff not disabled under the Social Security Act. Tr. 12-39. On December 10, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff timely sought judicial review in this Court.

## LEGAL STANDARDS

### I.    District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the

---

[2] Plaintiff applied for both SSD and SSI. To receive SSD, a claimant must show that he/she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning SSD), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. __."

correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in

3

substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

4

claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c); *see Bowen*, 482 U.S. at 146 n.5. Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ made the following five findings of fact and conclusions of law. Tr. 17-34. First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2022, and that he had not engaged in substantial gainful activity since October 27, 2017. Tr. 17. Second, the ALJ found that Plaintiff had the severe impairments of attention deficit hyperactivity disorder ("ADHD"), adjustment disorder with depressed mood, bilateral shoulder tears, impingement syndrome of the left shoulder, and headaches. Tr. 18. Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the

listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. Tr. 19.

Fourth, the ALJ found that Plaintiff had the RFC to perform light work as defined

in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Plaintiff:

> cannot climb ladders, ropes or scaffolds and he can occasionally climb
> ramps, stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] can
> occasionally look down with his neck, he can occasionally reach overhead
> and reach in front with his upper extremities, and should avoid work
> hazards such as moving machineries. Additionally, [Plaintiff] can
> understand, remember, and carry out simple, routine, repetitive, and
> non-complex tasks.

Tr. 22.[4] Fifth, the ALJ determined that Plaintiff was unable to perform past

relevant work; however, there were jobs that existed in significant numbers in the

national economy he could perform. Tr. 32-33.

## II.   Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the

pleadings. First, Plaintiff argues that the ALJ erred in concluding that his

overactive bladder and prostatitis were non-severe impairments at step two. Dkt.

---

[4] Light work:

> involves lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds. Even though the weight
> lifted may be very little, a job is in this category when it requires a good
> deal of walking or standing, or when it involves sitting most of the time
> with some pushing and pulling of arm or leg controls. To be considered
> capable of performing a full or wide range of light work, you must have
> the ability to do substantially all of these activities. If someone can do
> light work, we determine that he or she can also do sedentary work,
> unless there are additional limiting factors such as loss of fine dexterity
> or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

No. 5 at 17-22.  Second, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ relied on "stale consultative examination findings."  *Id.* at 22-24.

### III.   Analysis

#### A. Step Two

Plaintiff argues that the ALJ failed to identify Plaintiff's overactive bladder and prostatitis as severe impairments at step two of the sequential process and, further, failed to incorporate any limitations from these conditions into the RFC assessment.  Dkt. No. 5 at 17.  Plaintiff's argument fails.  Although Plaintiff was diagnosed and treated for overactive bladder and prostatitis, substantial evidence in the record supports the ALJ's step two determination that these impairments were not severe.

In general, an impairment or combination of impairments is not severe if it does not significantly limit a plaintiff's ability to do basic work activities.  20 C.F.R. §§ 404.1522(a), 416.922(a).  Examples of basic physical work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.  *Id.* §§ 404.1522(b)(1), 416.922(b)(1).

An ALJ's decision that an impairment is not severe at step two must be "supported by 'substantial evidence' in the record as a whole."  *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).  A finding that a plaintiff's impairment "is non-severe is not supported by substantial evidence [when] the evidence on which it is based is inconsistent with evidence that [the plaintiff's impairment] significantly

impaired [his] ability to do basic work activities." *Parker-Grose v. Astrue*, 462 F. App'x 16, 17-18 (2d Cir. 2012).

At step two of the sequential process, the ALJ concluded that Plaintiff's medically determinable impairments of overactive bladder and prostatitis were not severe impairments. Tr. 18. The ALJ reasoned that the impairments did not cause more than a minimal impact on Plaintiff's ability to perform basic work activities. *Id.*

To be sure, Plaintiff was diagnosed and treated for prostatitis. however, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (same). Moreover, in January 2016, over a year prior to his onset date, Plaintiff complained to a provider of "urgency and frequency at times." Tr. 381. Plaintiff's provider assessed him with "mild prostatitis," recommended a cystoscopy, and prescribed medication. Tr. 382-383. A notation dated October 9, 2018, indicated Plaintiff did not follow through with the recommended cystoscopy. Tr. 460. At that time, Plaintiff reported "some intermittent issues of urgency and frequency." *Id.* The provider noted that Plaintiff had not sought treatment for almost three years. *Id.* In November 2018, Plaintiff reported that his "urgency and frequency and pressure have resolved." Tr. 462.

Plaintiff fails to meet his burden at step two. Although Plaintiff had a diagnosis of overactive bladder and prostatitis and received treatment, he fails to show that these impairments had any impact on his ability to perform basic work activities. Indeed, the limited treatment records indicate that Plaintiff's symptoms were intermittent and ultimately resolved.

Plaintiff's makes the related argument, that the ALJ further erred by failing to account for the limitations resulting from Plaintiff's overactive bladder and prostatitis at step four and five of the sequential process as well. Dkt. No. 5 at 18. Plaintiff's argument fails. Although the ALJ found Plaintiff's overactive bladder and prostatitis non-severe, the ALJ found other severe impairments, proceeded with the sequential process, and considered all of his impairments at steps four and five. Tr. 22-32. Indeed, the ALJ specifically discussed Plaintiff's overactive bladder and prostatitis. Tr. 28. Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); *see also Sherman v. Comm'r of Soc. Sec.*, No. 7:14-CV-0154, 2015 WL 5838454, at *5 (N.D.N.Y. Oct. 7, 2015) (plaintiff identifies nothing in the administrative record showing that her non-severe impairments had any effect on plaintiff's RFC). Plaintiff has failed to show that evidence in the record supported additional limitations due to his overactive bladder and prostatitis. Thus, the ALJ's conclusion that Plaintiff's impairments of overactive bladder and prostatitis were not severe was proper and supported by substantial evidence.

### B. Consultative Examiner, Nikita Dave, M.D.

Plaintiff argues that the physical RFC is not supported by substantial evidence because the ALJ improperly relied upon the "stale" opinion of consultative examiner Dr. Dave.  Dkt. No. 5 at 22-24.  Plaintiff contends that Dr. Dave's opinion was rendered prior to a 2019 MRI of his left shoulder, which evidenced a worsening condition.  *Id.* at 23-24.  Plaintiff's argument fails.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).  Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for a plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).  Remand may be warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence.  *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

Here, the ALJ properly considered the entire record in formulating the physical RFC determination, and Plaintiff fails to demonstrate that the MRI results undermines Dr. Dave's opinion.

On November 7, 2018, Dr. Dave examined Plaintiff, reviewed x-rays of Plaintiff's left shoulder, and provided a medical source statement. Tr. 445-450. Dr. Dave opined Plaintiff "may" have "mild limitations for heavy lifting, carrying, pushing, and pulling and maintaining non-neutral cervical spine positions for prolonged periods of time, due to neck pain and headache." Tr. 448-449.

The ALJ found Dr. Dave's medical opinion "persuasive." Tr. 30. The ALJ reasoned that the limitations were consistent with Plaintiff's diagnostic testing and conservative course of treatment. *Id.* The ALJ also found Dr. Dave's opinion "somewhat consistent" with the opinions of non-examining State agency medical consultant V. Baronos, M.D. and treating source Michael Freitas, M.D. *Id.* Dr. Baronos opined "the total evidence does not support the finding of any severe physical impairments causing any significant functional limitations." Tr. 87. Dr. Freitas stated he would not "support" Plaintiff's request for disability because he had no treatment or evaluation, and "did not consider alternative employment." Tr. 426. Dr. Freitas stated Plaintiff "should consider alternative employment that may be doesn't involve physical activity." Tr. 425.

The ALJ considered the 2019 MRI in her evaluation of Plaintiff's shoulder impairment. Tr. 26. The ALJ also considered a contemporaneous examination, at which time, the source noted that Plaintiff's left shoulder demonstrated decreased range of motion and spasm. *Id.* The ALJ noted that a provider examined Plaintiff on August 13, 2019, and observed that Plaintiff showed no synovitis, his left shoulder demonstrated mild tenderness to palpation, and his left trapezius was

11

mildly tender. Tr. 26-27. In addition, although Dr. Dave did not provide specific limitations regarding Plaintiff's shoulder impairment, the ALJ relied on the record as a whole, and limited Plaintiff to occasional reaching overhead and "in front." Tr. 22.

Plaintiff merely cites to the MRI and its results to support his assertion that his shoulder impairment worsened. Dkt. No. 5 at 23-24. Plaintiff provides no additional analysis to support his claim the MRI results undermine Dr. Dave's opinion. *Id.* Under the substantial evidence standard of review, it is not enough for plaintiff merely to disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support his position. *Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018). In sum. Plaintiff fails to show that the MRI contradicted Dr. Dave's findings. The ALJ analyzed the MRI in her overall assessment of Plaintiff's functional abilities. *Blash,* 813 F. App'x at 644 (recent evidence renders prior evidence stale where the evidence directly contradict earlier evidence and the ALJ failed to fully analyze recent evidence).

The ALJ has the duty to evaluate conflicts in the evidence. *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002)). Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill,* 721 F. App'x 25, 29 (2d Cir. 2018)

(internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings Dkt. 6 and **DENIES** Plaintiff's motion for judgment on the pleadings Dkt. 5. The Clerk of the Court will close this case.

SO ORDERED.

Dated:     June 6, 2023
           Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

13